Dear Mr. DeRouen:
You have requested this office to render an opinion on whether Iberia Parish is exempt from paying court costs based on the position letter of Alex A. Lopresto, III, the attorney for the parish. This issue has been previously answered by our office in Attorney General Opinion 00-76 (attached), where we found that those costs were exempt.
Mr. Lopresto's position letter runs parallel with the analysis of the attached opinion, but fails to analyze an important factor. According to LA R.S. 13:4521, Iberia Parish is exempt from paying court costs for the reasons explained in the opinion. A subsequent statute, LA R.S. 13:5112, creates an exception to this general rule if the trial court judge, after "equitable considerations," decides to direct a parish to pay court costs. This exception could force Iberia Parish to pay costs if the judgment were in compliance with LA R.S. 13:5112. Compliance with LA R.S. 13:5112, however, mandates that if a judge grants an award of court costs to be paid by the parish, the judgment "shall express such costs in a dollar amount." LA R.S. 13:5112. The judgment attached to your letter simply states that each party is to bear its own cost according to law. There is no specific dollar amount expressed, therefore the general rule of LA R.S. 13:4521 should apply. It is the opinion of this office that Iberia Parish is exempt, under LA R.S. 13:4521, from paying court costs in the matter of Bazer v. Honda Motor Co., et al.
I believe this opinion and the attached opinion should answer your questions. Should you have any further concerns, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB:mjb
Date Released: October 10, 2002